# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**London Division**

| | |
|---|---|
| William Wooton ) | |
|     *Plaintiff* ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| Cascade Capital, LLC ) | |
|     *Defendant* ) | |
| Serve: ) | |
|     Harvard Business Services, Inc. ) | |
|     16192 Coastal Highway ) | |
|     Lewes, DE 19958 ) | |
| ) | |
| Clarity Services, Inc. ) | |
|     *Defendant* ) | |
| Serve: ) | |
|     The Corporation Trust Company ) | |
|     Corporation Trust Center ) | |
|     1209 Orange Street ) | |
|     Wilimington, DE 19801 ) | |
| ) | |
| Genesis FS Card Services, Inc. ) | |
|     *Defendant* ) | |
| Serve: ) | |
|     CT Corporation System ) | |
|     780 Commercial Street, Suite 100 ) | |
|     Salem, OR 97301 ) | |
| ) | |
| LendingClub Corporation ) | |
|     *Defendant* ) | |
| Serve: ) | |
|     Corporation Service Company ) | |
|     421 West Main Street ) | |
|     Frankfort, KY 40601 ) | |
| ) | |
| Phoenix Financial Services, LLC ) | |
|     *Defendant* ) | |
| Serve: ) | |
|     Kimberly England ) | |

|   |   |
|---|---|
| Phoenix Financial Services, LLC<br>8902 Otis Avenue, Suite 103A<br>Indianapolis, IN 46216 | )<br>)<br>)<br>) |
| Webbank<br>    *Defendant*<br>Serve:<br>    Webbank<br>    215 South State Street, Suite 1000<br>    Salt Lake City, UT 84111 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Avant, LLC<br>    *Defendant*<br>Serve:<br>    CT Corporation System<br>    208 S. LaSalle Street, Suite 814<br>    Chicago, IL 60604 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT and DEMAND FOR JURY TRIAL**

1.  This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which was enacted to eliminate abusive debt collection practices by debt collectors; and violations of the Fair Credit Reporting Act, 15 U.S.C. § 1692 *et seq.* ("FCRA"), which was enacted to ensure fairness, accuracy and privacy of the personal information contained in the files of the credit reporting agencies.

### **JURISDICTION and VENUE**

2.  This Court has jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k, FCRA, 15 U.S.C. §1681p, and 28 U.S.C. § 1367. Venue is proper because the relevant facts and events that affected Plaintiff occurred within Laurel County, Ky., which is located within this District.

### **PARTIES**

3.  Plaintiff William Wooton is a natural person who resides in Laurel County, Ky. Mr. Wooton is a natural individual person and a "consumer" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(3), and the FCRA, as defined at 15 U.S.C. § 1681a(c).

4.  Defendant Cascade Capital, LLC ("Cascade") is an Delaware limited liability corporation with its principal place of business located at 1670 Corporate Circle, Suite 202, Petaluma, CA 94954. Cascade has not registered to do business with the Kentucky Secretary of State. Cascade is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

5. Defendant Clarity Services, Inc. ("Clarity") is a Delaware corporation with its principal place of business located at 15550 Lightwave Drive, Suite 350, Clearwater, FL 33760. Clarity has not registered to do business with the Kentucky Secretary of State. Clarity is a consumer reporting agency and a user of consumer credit reports within the meaning of the FCRA.

6. Defendant Genesis FS Card Services, Inc. ("Genesis") is an Oregon corporation whose principal office is located at 15220 Greenbrier Parkway, Suite 200, Beaverton, OR 97006. Genesis has not registered to do business with the Kentucky Secretary of State. Genesis is a user of consumer credit reports within the meaning of the FCRA.

7. Defendant LendingClub Corporation ("LendingClub") is a Delaware corporation whose principal office is located at 71 Stevenson Street, Suite 300, San Francisco, CA 94105. LendingClub has registered to do business with the Kentucky Secretary of State. LendingClub is a furnisher of credit information and user of consumer credit reports within the meaning of the FCRA.

8. Defendant Phoenix Financial Services, LLC ("Phoenix") is an Indiana limited liability corporation with its principal place of business located at 8902 Otis Avenue, Suite 103A, Indianapolis, IN 46216. Phoenix has not registered to do business with the Kentucky Secretary of State. Phoenix is a furnisher of credit information and user of consumer credit reports within the meaning of the FCRA, and a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

9. Defendant Webbank ("Webbank") is a bank regulated by the Federal Deposit Insurance Corporation whose headquarters is located at 215 South State Street, Suite 1000, Salt Lake City, UT 84111. Webbank is a user of consumer credit reports within the meaning of the FCRA.

10. Defendant Avant, LLC ("Avant") is an Illinois limited liability corporation with its principal place of business located at 222 N. LaSalle Street, Suite 1700, Chicago, IL 60601. Avant has not registered to do business with the Kentucky Secretary of State. Avant is a user of consumer credit reports within the meaning of the FCRA.

## STATEMENT OF FACTS

**I.  Facts Concerning Cascade Capital, LLC and Phoenix Financial Services, LLC**

11. Defendant Phoenix Financial Services, LLC ("Phoenix") sent Plaintiff William Wooton ("Wooton") a dunning letter dated April 21, 2017 attempting to collect a medical debt from him on behalf of Defendant Cascade Capital, LLC ("Cascade").

12. The medical debt at issue in Phoenix's April 21st letter was incurred for personal, family, or household purposes, which makes the medical debt at issue in the letter a "debt" within the meaning of the FDCPA.

13. Phoenix's April 21st dunning letter stated that Cascade was the creditor on the debt, that the Account # was 2192659, and the $5,380.00 was the Account Balance Due.

14. Phoenix sent Mr. Wooton another dunning letter dated October 6, 2017 attempting to collect five (5) medical debts from him on behalf of Cascade.

15. Phoenix's October 6th dunning letter listed the following accounts:

| Account Number | Current Account Balance |
|---|---|
| 21785658 | $674.72 |
| 21791361 | $935.96 |
| 21855939 | $478.30 |
| **21912659** | **$674.69** |
| 23973899 | $938.91 |

16. All five of the medical debts at issue in Phoenix's October 6th letter were incurred for personal, family, or household purposes, which makes the medical debts at issue in the letter all "debts" within the meaning of the FDCPA.

17. The sum of the individually listed five medical debts in Phoenix's October 6th dunning letter is $3,702.58.

18. Phoenix's October 6th letter further stated the Cascade was the current creditor for the debts and "Total of Accounts listed below: $6,887.00."

19. Phoenix's two dunning letters are confusing, misleading, and internally contradictory.

20. The April 21st dunning letter stated that Phoenix was attempting to collect Acct.# 2192659, which had balance due of $5,380.00.

21. Phoenix's October 6th letter included Acct# 2192659 but stated that the amount due for the account was only $674.69.

22. Phoenix's October 6th letter stated that Mr. Wooton owed a total of $6,887.00, which was $1,507.00 more than Phoenix claimed was owed in the April 21st letter.

23. Phoenix's October 6th letter listed five separate accounts, the total of which was $3,702.58, but in the heading of the letter, Phoenix falsely represented that the total amount of these accounts was $5,380.00.

24. In addition to sending Mr. Wooton the April 21st and October 6th dunning letters, Phoenix also furnished credit information for seven different tradelines on Mr. Wooton's credit reports.

25. The sum of the six Phoenix tradelines on Mr. Wooton's credit reports was $5,279.00, which does not correlate with the amount that Phoenix claimed was due in April 21st and October 6th dunning letters.

26. His head spinning from all of the contradictory demands and representations by Phoenix, Mr. Wooton wrote and sent dispute letters on December 6, 2017 to all three of the major credit reporting agencies—Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union") (collectively, the "CRA's")—challenging the credit information furnished by Phoenix on Cascade's behalf.

27. The CRA's had an affirmative duty under 15 U.S.C. § 1681i(2) to send Phoenix prompt notice of Mr. Wooton's dispute within five (5) business days of receiving each dispute.

28. The CRA's complied with their statutory duty and sent Phoenix notice of Mr. Wooton's disputes.

29. In turn, receipt of notice of Mr. Wooton's disputes from the CRA's triggered Phoenix's duty under 15 U.S.C. § 1681s-2(b)(1) to "conduct an investigation with respect to the disputed information" which included a duty to "review all relevant information provided by" the CRAs and to "report the results of the investigation to" CRAs. Phoenix's duty to investigate under § 1681s-2(b) included the duty to note that Mr. Wooton had disputed the debt.

30. In its response to Trans Union of its investigation of Mr. Wooton's dispute, Phoenix violated its duty to note that Mr. Wooton had disputed the Phoenix tradelines on his Trans Union credit report.[1]

31. Phoenix and Cascade violated the FDCPA by misrepresenting the amount of the debts Mr. Wooton allegedly owes, by falsely representing the amount(s) of those debts, by attempting to collect more from Mr. Wooton than he owed on the debts, and by generally engaging in abusive, confusing and misleading debt collection activity.

---

[1] Equifax and Experian both deleted the Phoenix tradelines from Mr. Wooton's credit reports as a result of his dispute letters.

32. Phoenix violated the FDCPA and the FCRA by failing to note that Mr. Wooton had disputed the Phoenix tradelines in its response to Trans Union after its investigation of Mr. Wooton's disputes.

## II. Facts as to Remaining Defendants

33. In reviewing his consumer credit reports, Mr. Wooton discovered several requests for his credit reports by entities that he did not recognize having ever done business with, including requests by Defendants Clarity Services, Inc. ("Clarity"); Genesis FS Card Services, Inc. ("Genesis"); LendingClub Corporation ("LendingClub") and Avant, LLC ("Avant").

34. Upon information and belief, Avant requested Mr. Wooton's credit report on behalf of Defendant Webbank ("Webbank"), and/or Avant communicated Mr. Wooton's credit report to Webbank.

35. Mr. Wooton sent letters to Clarity, Genesis, Lending Club, and Avant requesting an explanation for why each had requested his consumer credit report. Only Genesis responded to his request.

36. In each letter, including the letter to Genesis, Mr. Wooton included his name, last four digits of his social security number, and date of birth.

37. In its response to Mr. Wooton's letter, Genesis stated that it was "unable to locate an account with the information you provided."

38. Clarity, Genesis, Lending Club, Avant, and Webbank each violated the FCRA by requesting Mr. Wooton's consumer credit reports without a permissible purpose for doing so.

## CLAIMS FOR RELIEF

### I. Claims against Phoenix Financial Services, Inc.

#### A. Violations of the Fair Debt Collection Practices Act

39. The foregoing acts and omissions of Phoenix Financial Services, Inc. ("Phoenix") constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

### B. Violations of the Fair Credit Reporting Act

40. William Wooton has a private right of action to assert claims against Phoenix Financial Services, Inc. ("Phoenix") arising under 15 U.S.C. §1681s-2(b).

41. Phoenix violated the FCRA by failing to note that Mr. Wooton had disputed the Phoenix tradelines as required by 15 U.S.C. § 1681s-2(b). *See Seamans v. Temple Univ.*, 744 F.3d 853, 867 (3d Cir. 2014) (holding "that a private cause of action arises under 15 U.S.C. § 1681s–2(b) when, having received notice of a consumer's potentially meritorious dispute, a furnisher subsequently fails to report that the claim is disputed").

42. Phoenix is liable to Mr. Wooton for the actual damages he has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681n.

43. In the alternative, Phoenix's conduct, actions and inactions were negligent rendering Phoenix liable to Mr. Wooton under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## II. Claims against Cascade Capital, LLC

44. The foregoing acts and omissions of Cascade Capital, LLC constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## III. Impermissible Pull Claims against Clarity Services, Inc.; Genesis FS Card Services, Inc.; LendingClub Corporation; Webbank; and Avant, LLC

45. Defendants Clarity Services, Inc. ("Clarity"), Genesis FS Card Services, Inc. ("Genesis"), LendingClub Corporation ("LendingClub"), Webbank, and Avant, LLC ("Avant") knowingly and intentionally violated the FCRA by requesting Mr. Wooton's consumer report for an impermissible purpose, *i.e.* by requesting Mr. Wooton's consumer credit report in connection with either the collection or review of a non-existent account. Therefore, Clarity, Genesis, LendingClub, Webbank, and Avant are each liable to Mr. Wooton for statutory damages of $1,000 or the actual damages he has sustained by reason of each's violation of the FCRA, whichever is greater, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees which he may recover pursuant to 15 U.S.C. § 1681n.

46. Alternatively, Clarity, Genesis, LendingClub, Webbank, and Avant's violations were reckless or negligent, and each is liable to Mr. Wooton for actual damages he has sustained by reason of each defendant's violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff William Wooton requests that the Court grant the following relief:

1. Award Plaintiff actual damages against Defendants Phoenix, Clarity, Genesis, LendingClub, Webbank, and Avant for each such Defendant's violations of the FCRA pursuant to 15 U.S.C. § 1681n or, in the alternative, § 1681o;

2. Award Plaintiff actual damages against Defendants Phoenix and Cascade for each such Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

3. Award Plaintiff statutory damages against Defendants Phoenix, Clarity, Genesis, LendingClub, Webbank, and Avant for each such Defendant's knowing and intentional violations of the FCRA pursuant to 15 U.S.C. § 1681n;

4. Award Plaintiff statutory damages against Defendants Phoenix and Cascade for each such Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

5. Award Plaintiff punitive damages against Defendants Phoenix, Clarity, Genesis, LendingClub, Webbank, and Avant for each such Defendant's knowing and intentional violations of the FCRA pursuant to 15 U.S.C. § 1681n;

6. Award Plaintiff his reasonable attorney's fees;

7. Award Plaintiff his court costs and recoverable costs of litigation; and

8. Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Submitted by:

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309

jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:     (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com